ROWLAND v. ROWLAND.

(Supreme Court, Appellate Division, Second Department. April 18, 1899.)

APPEAL—FINDINGS—REVIEW.
    Findings of fact by a referee, where made on contradictory evidence, will not be disturbed.

Appeal from special term, Kings county.

Action by Charles L. Rowland against Thomas F. Rowland. From a judgment entered on the report of a referee for defendant, and from an order granting an extra allowance of costs, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Edward P. Lyon, for appellant.
John L. Hill, for respondent.

GOODRICH, P. J. The referee's report has stated the facts so fully that it is not necessary to repeat them in detail. It is sufficient to indicate the ground upon which the action is brought. The plaintiff alleged that he was in the employ of the defendant, in the business conducted under the name of the "Continental Works," under an agreement in the nature of a quasi partnership, by which he was to receive a stated salary and a commission on the profits of the business; that when he left the defendant's employment he received a check for a sum which the defendant falsely represented to be in fact the actual amount of the plaintiff's percentage; and he asked an accounting and judgment for the sum which should be found due to him. The defendant denied any false representations, and set up annual settlements for several years during the latter part of the plaintiff's service, and a full accord and satisfaction at the termination of his employment. The record is voluminous, covering 850 pages, and has required careful examination, resulting in entire approval of the referee's findings of fact and of law. He decided that the annual and final settlements were fair, final, and conclusive; that the final settlement was a complete accord and satisfaction between the parties; and dismissed the complaint. The findings of fact are made on contradictory evidence, the preponderance of which sustains the defendant's contentions, and we may not disturb these findings. As the plaintiff's counsel does not in his brief discuss any exceptions to the admission or exclusion of evidence, it is unnecessary to refer to them in detail. None command our attention. The extra allowance was fixed at $750 (5 per cent. on $15,000). The motion therefor was made on all the papers, a certificate of the referee, and an affidavit of the defendant's attorney showing that the amount claimed by the plaintiff in the action was $40,000, being the plaintiff's alleged percentages on $600,000. This was the aggregate of the items attacked in the plaintiff's objections to the defendant's account. The opposing affidavit seems to admit that about $12,000 was in controversy. On the moving papers, the court, at special term, was justified in estimating "the sum claimed,

or the value of the subject-matter involved" (Code, § 3253), to have been over $15,000, and we see no reason to interfere with his order.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.